**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

TANYA HEILMAN, ETHAN SMITH, and )
BERNARD POWERS, on behalf of )
themselves and ALL OTHERS )
SIMILARLY SITUATED, )           No. CV-11-0038-HU
                                )
    Plaintiffs, )
                                ) **FINDINGS AND RECOMMENDATION**
vs.                             ) **ON MOTION TO DISMISS**
                                )
FIRST AMERICAN PAYMENT SYSTEMS, LP,)
*dba* ELIOT MANAGEMENT GROUP,   )
                                )
    Defendant. )

_____

Carl Lee Post
Daniel J. Snyder
Erin C. McCool
LAW OFFICES OF DANIEL SNYDER
1000 S.W. Broadway, Suite 2400
Portland, OR 97205

Debra Brewer Hayes
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027

    Attorneys for Plaintiffs


Francis T. Barnwell
Maryann Yelnosky
BULLARD SMITH JERNSTEDT WILSON
200 S.W. Market Street, Suite 1900
Portland, OR 97201

    Attorneys for Defendant


1 - FINDINGS AND RECOMMENDATIONS

HUBEL, United States Magistrate Judge:

On January 12, 2011, the plaintiffs filed this action against their former employer asserting individual and class claims for the defendant's alleged violations of Oregon and Colorado minimum wage and hour laws. They also asserted claims for breach of contract, unjust enrichment, injunctive and declaratory relief, and an accounting. Dkt. #1. The plaintiffs alleged jurisdiction in this case based on diversity. *Id.*, ¶ 2.5.

After the suit was filed, counsel for the parties conferred and "agree[d] that the amount in controversy for the named plaintiffs is less then $75,000," and "the putative class damages are far less than the $5 million dollars necessary for CAFA jurisdiction." Dkt. #19, Ex. A (letter from Plaintiffs' counsel to the undersigned dated February 28, 2011). The parties therefore agreed that this court "lacks subject matter jurisdiction," *id.*, and they asked the court to dismiss the case.

The plaintiffs argued "an involuntary dismissal should be entered without prejudice and without costs or attorney fees to either party." *Id.* The plaintiffs would not agree to dismiss the case voluntarily because they want to take advantage of Oregon's "savings statute" that would allow the same action to be filed in state court within 180 days after an involuntary dismissal in this court, with the claims in the re-filed action relating back to the date the current action was initiated for statute of limitations purposes. *See* ORS § 12.220 (the "savings statute"). The defendant objected to an involuntary dismissal, asserting that because the plaintiffs agreed this court lacks jurisdiction, they should dismiss the case voluntarily.

2 - FINDINGS AND RECOMMENDATIONS

1    In a March 4, 2011, telephonic status conference, the court
2 advised the parties that it would not issue a *sua sponte* dismissal
3 order, and they should file an appropriate motion.  On March 17,
4 2011, the plaintiffs filed an Amended Complaint, adding additional
5 claims based on Oregon state law.  Dkt. #14.  In the Amended
6 Complaint, the plaintiffs again asserted diversity jurisdiction.
7 *Id.*, ¶ 2.5.

8    The matter now is before the court on the defendant's Motion
9 to Dismiss, supporting brief, and Declaration of Maryann Yelnosky,
10 Dkt. #17, #18 & #19, to which the plaintiffs have responded, Dkt.
11 #20, and the defendant has replied, Dkt. #22.  In the motion, the
12 defendant asks the court "for an order requiring Plaintiffs to
13 voluntarily dismiss this case since Plaintiffs have conceded this
14 court lacks jurisdiction."  Dkt. #18, p. 1.  In the alternative,
15 the defendant asks the court to include in its dismissal order
16 "findings that Plaintiffs conceded that they knew this court lacked
17 jurisdiction over the claims set out in their complaint and filed
18 an amended complaint in federal court alleging diversity
19 jurisdiction even after they conceded this court lacked such
20 jurisdiction."  *Id.*, p. 2.  As to the defendant's latter request,
21 the factual chronology set forth above speaks for itself.

22    The court has discretion to dismiss a case with or without
23 prejudice.  *See* Fed. R. Civ. P. 41(a)(2); *Diamond State Ins. Co. v.*
24 *Genesis Ins. Co.*, 379 Fed. Appx. 671, 672-73 (9th Cir. 2010)
25 (citing *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002)).
26 However, the court has located no authority, and the defendant has
27 cited none, that would allow the court to order the plaintiffs to
28 dismiss their case "voluntarily."  Indeed, as the plaintiffs

3 - FINDINGS AND RECOMMENDATIONS

correctly observe, an order requiring them to "voluntarily" dismiss their case would not result in any voluntary action on their part at all.

The issue of whether or not the plaintiffs' actions in this case should prevent the relation back of any newly-filed state court action is one to be resolved by the state court. The only issue before this court is whether the court has jurisdiction of the action pursuant to 28 U.S.C. § 1332(a). As the parties asserting diversity jurisdiction, the plaintiffs "bear the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Here, the plaintiffs concede that the amount in controversy is less than $75,000, and the court lacks subject matter jurisdiction. *See* Dkt. #19, Ex. A.

Accordingly, the defendant's motion to dismiss must be granted, and the case must be dismissed without prejudice.[*]

### SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **July 5, 2011**. If no objections are filed, then the Findings and Recommendations will

---

[*] The defendant requested oral argument on its motion to dismiss. Given that the motion concerns only the single issue of whether the court has jurisdiction, and the parties agree that the amount in controversy does not meet the jurisdictional minimum, the court finds oral argument is unnecessary to resolve the motion, and the defendant's request for oral argument is denied.

4 - FINDINGS AND RECOMMENDATIONS

go under advisement on that date.  If objections are filed, then any response is due by **July 22,2011**.  By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

   IT IS SO ORDERED.

                            Dated this 16th day of June, 2011.

                 /s/ Dennis J. Hubel
                            _____
                            Dennis James Hubel
                            Unites States Magistrate Judge

5 - FINDINGS AND RECOMMENDATIONS